IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
11/16/2007

|                        |     |                         |
|------------------------|-----|-------------------------|
| IN RE                  | )   |                         |
|                        | )   |                         |
| ELVA ANN BROWN,        | )   | CASE NO. 06-80516-G3-13 |
|                        | )   |                         |
|     Debtor, | ) |                 |
|                        | )   |                         |

MEMORANDUM OPINION

The court has held a hearing on its "Order Setting
Hearing and Order to Show Cause" (Docket No. 17), directed to
Debtor's counsel of record, Mark Aronowitz, to show cause why he
should not be required to disgorge all fees received and why he
should not be sanctioned.  The following are the Findings of Fact
and Conclusions of Law of the court.  A separate conforming
Judgment will be entered.  To the extent any of the Findings of
Fact are considered Conclusions of Law, they are adopted as such.
To the extent any of the Conclusions of Law are considered
Findings of Fact, they are adopted as such.

Findings of Fact

Elva Ann Brown ("Debtor") filed a voluntary petition
under Chapter 13 of the Bankruptcy Code in the instant case on
December 1, 2006.  The court takes judicial notice that December
1, 2006 occurred on a Friday.

Prior to the filing of the instant case, Debtor was the
debtor in Case Nos. 01-30961-H5-13, 02-41372-H1-13, 03-80844-G3-

7, 03-81468-G3-13, 04-82170-G3-13, 06-80293-G3-13, and 06-80401-G3-13.  In each of the first five cases, Debtor was represented by attorneys.  Debtor filed the sixth and seventh cases pro se. Each of the Chapter 13 cases was dismissed.

In the instant case, Debtor was represented by Mark Aronowitz.  Aronowitz testified that he was retained on an emergency basis to file a Chapter 13 case on behalf of Debtor, and believed on the petition date that Debtor had filed only one previous case.[1]  He testified that another attorney referred Debtor to him, and that he did no independent investigation of the previous cases.

Aronowitz testified that he discovered, after he had filed the petition in the instant case, that Debtor was seeking to protect from foreclosure a parcel of property in which it appeared she had no legal interest.

Debtor testified that she paid $1,300 to Aronowitz. She testified that Aronowitz continues to represent her with respect to the property.  Aronowitz testified that he does not dispute Debtor's contention that she paid $1,300 to Aronowitz.

Aronowitz testified that he had received a $300 retainer with respect to the instant case.  He testified that he had agreed with Debtor to transfer the retainer he had received

---

[1]The court notes, however, that the petition in the instant case, which was signed by Aronowitz, indicates two previous cases.

2

from Debtor for the filing of the instant case, in order to apply the retainer to legal fees to represent Debtor in a state court suit regarding the property.

On the day after the hearing on the instant order to show cause, Aronowitz filed a disclosure of compensation under Bankruptcy Rule 2016(b), indicating that he had agreed to accept $300 for "analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;" and "preparation and filing of any petition, schedules, statements of affairs and plan which may be required."  In the disclosure, Aronowitz additionally states "The Debtor agreed to transfer this fee for the use by her to pay for my legal services in related state court actions post-dismissal of the petition.  I agreed to not take any fee for the services rendered in this [sic] and to apply the entire $300.00 paid to cover my legal services in the state court matters." (Docket No. 24).

Debtor never filed a mailing list of creditors, a credit counseling certificate, schedules, a statement of financial affairs, a statement of current monthly income and calculation of commitment period and disposable income, or a Chapter 13 plan.  The instant case was dismissed, by order entered December 18, 2006.  (Docket No. 10).

The court's electronic filing system indicates that Aronowitz has appeared as counsel in 27 bankruptcy cases in the Southern District of Texas since 1998, including six in which he represented the debtors in Chapter 13 cases.[2]

On October 17, 2007, Debtor, pro se, filed a letter opposing the dismissal of the instant case.[3]  In the letter, Debtor indicated dissatisfaction with Aronowitz' work in the instant case.

On October 26, 2007, the court entered the instant "Order Setting Hearing and Order to Show Cause" (Docket No. 17), directing Aronowitz to "show cause why his attorney's fees should not be disgorged and why he should not be sanctioned for his failure to properly represent Elva Ann Brown, Debtor," in light of the dismissal of the instant case for failure of Debtor to file all of the information required by 11 U.S.C. § 521(a)(1).

<u>Conclusions of Law</u>

Bankruptcy Rule 9011(b) provides:

(b) Representations to the court.

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or

---

[2]In the last of these cases, Case No. 07-80298-G3-13, Aronowitz himself was the debtor.  That case was dismissed for his failure to file schedules, a statement of financial affairs, a statement of current monthly income and calculation of commitment period and disposable income, and a Chapter 13 plan.

[3]The court determined to treat Debtor's letter as a motion to reinstate.  That motion has separately been denied.

4

> unrepresented party is certifying that to the best of
> the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper
> > purpose, such as to harass or to cause unnecessary
> > delay or needless increase in the cost of
> > litigation;
> > (2) the claims, defenses, and other legal
> > contentions therein are warranted by existing law
> > or by a nonfrivolous argument for the extension,
> > modification, or reversal of existing law or the
> > establishment of new law;
> >
> > (3) the allegations and other factual contentions
> > have evidentiary support or, if specifically so
> > identified, are likely to have evidentiary support
> > after a reasonable opportunity for further
> > investigation or discovery; and
> >
> > (4) the denials of factual contentions are
> > warranted on the evidence or, if specifically so
> > identified, are reasonably based on a lack of
> > information or belief.

Bankruptcy Rule 9011(b).

In the instant case, Aronowitz' testimony indicates that he did not make a sufficient inquiry prior to filing the petition in the instant case.  He substituted another attorney's judgment in place of his own, with regard to the question of whether there was evidentiary support for Debtor's factual contention that she had filed only two previous cases.  After filing the petition, he failed to file all the documents required under the Bankruptcy Code.  He diverted at least $300 which he had been paid for the bankruptcy to payment of his other legal fees owed by Debtor, and did not disclose to this court the scope of his representation of Debtor.

5

Under Texas law, nonjudicial real estate foreclosure auction sales must occur on the first Tuesday of a month. Tex. Prop. Code § 51.002(a). Aronowitz had sufficient time before the foreclosure sale, which could not have proceeded until Tuesday, December 5, 2006, to make a reasonable inquiry regarding the Debtor's previous cases before filing the petition in the instant case. Aronowitz' testimony and his subsequent conduct in failing to file the Debtor's schedules, statement of financial affairs, and other documents indicates that after filing the petition, he believed that Debtor had no basis to continue in the case. Despite such belief, he did not move to dismiss the case, but rather allowed it to remain pending until it was dismissed based on his failure to file the documents required by Section 521 of the Bankruptcy Code.

The court notes that Debtor is not blameless in regard to Aronowitz' activities. Debtor, who had filed seven previous cases, including two cases filed pro se, did not notify Aronowitz of the scope of her previous filings. Her testimony indicates a desire to resolve the legal issues she believes exist with regard to the underlying real property, and both her testimony and that of Aronowitz indicate that separate litigation remains pending outside this court, and that Aronowitz continues to represent Debtor with respect to that litigation.

Bankruptcy Rule 9011(c)(2) provides:

(2) Nature of sanction; limitations.

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Bankruptcy Rule 9011(c)(2).

In the instant case, the court concludes that, in light of the ongoing state court litigation, in which Aronowitz continues to represent Debtor, Aronowitz should be required to pay to the Clerk the $300 fee he disclosed with respect to the instant case, as a sanction pursuant to Bankruptcy Rule 9011. The court finds that the entry of the instant Memorandum Opinion, together with Aronowitz' payment of $300, is sufficient to draw Aronowitz' attention to his responsibility to make a reasonable inquiry with respect to cases filed in the bankruptcy court, and to file the documents required by the Bankruptcy Code.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on November 16, 2007.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

7